EDSON H. BUKER *vs.* EDWARD C. BOWDEN and another.

Hancock. Opinion September 18, 1890.

*Parol Award. Title to real estate. License. Disputed Line.*

Title to real estate can not be settled by a parol award.

Where a disputed line was attempted to be settled by a parol award, and the plaintiff thereupon told the defendant to go on and cut the wood on the latter's side of the line thus established, and he did so until forbiden by the plaintiff and subsequently hauled away the wood cut before being forbidden; *Held* : that the facts did not constitute a license to enter and cut on what proved to be the plaintiff's land, though the parol award determined it be the defendant's land.

ON EXCEPTIONS.

The action was trespass *q. c.* Plea, general issue. It appeared that there was a disputed boundary line between the parties which had been settled by parol agreement prior to the alleged trespass. The plaintiff being, at the time, satisfied with the parol award, paid for wood which he had cut on the defendants' side of the line, and subsequently moved his fence in accordance with the line so established. He, also, told the defendants to go on and cut the wood now in question, as it was theirs by the decision under the award. It was admitted by the plaintiff that this wood was cut on the defendants' side of the line, as settled by the verbal award, and before they had been forbidden by the plaintiff, or knew that he claimed to own it. They did not cut any wood after they had been forbidden by the plaintiff; but did haul off, afterwards, what they had cut up to that time.

The verdict was for the plaintiff. The defendants requested the court to instruct the jury that, if all the wood and lumber sued for was cut by them before they were forbidden by the plaintiff, they yet had the right to enter upon the land and take it off. This request being denied, the defendants took exceptions.

*G. M. Warren*, for defendants.

It was lawful for the defendants to cut wood before being forbidden, and afterwards to haul it off. 2 Wat. Tresp. 204; *Woodbury* v. *Parshley*, 7 N. H. 237; *Ameriscoggin Bridge* v. *Bragg*, 11 *Id.* 103; *Sampson* v. *Burnside*, 13 *Id.* 264; *Miller* v. *Tobie*, 41 *Id.* 84; *Liggins* v. *Inge*, 7 Bing. 682; *Taylor* v. *Waters*, 7 Taunt. 373; *Ricker* v. *Kelley*, 1 Maine, 117; *Dewey* v. *Bordwell*, 9 Wend. 65.

Parol award, until revoked, operated as a license, giving the right to remove the wood. Right of possession, at the time of the trespass, the only question at issue. *Giles* v. *Simonds*, 15 Gray, 441; *Nettleton* v. *Sikes*, 8 Met. 34; *Nelson* v. *Nelson*, 6 Gray, 385; 2 Wat. Tresp. 204.

*Wiswell, King and Peters*, for plaintiff.

We contend that no license was given, and if given, should be specially pleaded; 1 Chit. Pl. 16th (Am. Ed.) 540; *Hollenbeck* v. *Rowley*, 8 Allen, 473; *Ward* v. *Bartlett*, 12 Allen, 419; *Mann* v. *Tuck*, *Id.* 420; *Snow* v. *Chatfield*, 11 Gray, 12; *Ruggles* v. *Lesure*, 24 Pick. 189; *Spear* v. *Bicknell*, 5 Mass. 125; *Strout* v. *Berry*, 7 *Id.* 385; *Waters* v. *Lilley*, 4 Pick. 148; *Chase* v. *Long*, 44 Ind. 427; *Hamilton* v. *Windolf*, 36 Md. 301; *Snowden* v. *Wilas*, 19 Ind. 10; s. c. 81 Am. Dec. 370. Statutes have not relieved defendant from setting forth in his pleadings special matters of defense which by common law must be specially pleaded. R. S., c. 82, § 22, allowing general issue and brief statement, only relieves defendant from technical nicety and exactness. *Moore* v. *Knowles*, 65 Maine, 493. Plaintiff not estoppel: 1 Chit. Pl. (16th Am. Ed.) 543; *Gray* v. *Pingree*, 17 Vt. 345, (44 Am. Dec. 345;) *Isaacs* v. *Clark*, 12 *Id.* 692, (36 Am. Dec. 392;) *Hansom* v. *Buckner*, 29 Am. Dec. 401. No equitable estoppel: *Bryant*

v. *Va. Coal Co.* 93 U. S. 326; *Henshaw* v. *Bissell*, 18 Wall. 255; Big. Estop. 437; *Brewer* v. *R. R.* 5 Met. 478.

VIRGIN, J. Trespass *quare clausum* for breaking and entering the plaintiff's close and carrying away therefrom certain wood and lumber which the defendants had previously cut thereon.

The disputed boundary line between the parties' adjoining lands having been settled by a parol award, with which the plaintiff both by words and acts expressed satisfaction, he thereupon told the defendants to go on and cut the wood and timber in controversy, as it was theirs by the decision of the referees. Whereupon they went upon their side of the parol line and cut all the wood and timber mentioned in the writ before either of them was forbidden by the plaintiff or knew that he claimed to own it. However, they ceased cutting immediately on being forbidden, but subsequently entered and hauled away what they had cut before forbidden.

The defendants having waived, at the argument, their exception relating to the validity and effect of the parol award, they rely solely upon that taken to the refusal to give the requested instruction: "If all the wood and lumber sued for was cut by the defendants before they were forbidden by the plaintiff, they yet had the right to enter upon the land and take it off."

In support of this requested instruction the defendants contend that, they were justified in entering and taking away the wood and timber severed before being forbidden, on the alleged ground that the plaintiff's telling them to go on and cut it as it was theirs by the award, constituted a license; that forbidding further cutting was a revocation of the license; and that having cut none thereafter, they had the right to enter and haul off such as they had cut before the revocation.

We are of opinion that the declaration of the plaintiff to the defendants did not, under the circumstances, constitute a license.

To be sure, a license may be a simple authority conferred by the owner of land upon another to do certain acts thereon which without such authority would be acts of trespass. 3 Kent Com. 452; *Pitman* v. *Poor*, 38 Maine, 237, 240. And if the plaintiff had contracted to sell the wood and lumber upon this particular

parcel of land to the defendants who in accordance therewith went on and cut a portion of it before being forbidden, the contract would have constituted a license which would have been revocable at the pleasure of the plaintiff in relation to so much of the wood and timber as had not been severed from the soil at the time of the *revocation*; but unrevocable as to that already severed. *Russell* v. *Richards*, 10 Maine, 429; S. C. 11 Maine, 371; *Folsom* v. *Moore*, 19 Maine, 252; *Drake* v. *Wells*, 11 Allen, 141, 2 and 3; *Giles* v. *Simonds*, 15 Gray, 441; 1 Sug. Vend. (8th Am. Ed.) 183-4 where cases are collected in note *n*. In such a case the trees severed at once become the personal property of the licensee by virtue of the contract, and he would have an implied license to enter peaceably if not forbidden or resisted and haul it away without being guilty of trespass for so doing. Cases *supra*.

In the case at bar there was no pretense of any contract in respect of the wood or timber on the lot. And the mere telling the defendants to go on and cut it for it was theirs under the parol award passed no title to the wood cut. The remark was obviously made under the mistaken belief that the land belonged to the defendants, and as an expression of such an opinion and of submission on the part of the plaintiff; and just as obviously the defendants so understood it. It cannot be considered for a moment, when viewed in the light of the attending circumstances, that the plaintiff intended thereby to give the defendants authority to cut the growth upon the land which he then supposed to be his.

As the jury must have found the land belonged to the plaintiff notwithstanding the parol award, and the defendants obtained no title to the wood, they had no right to enter the plaintiff's premises and haul it away, especially if forbidden. *Wheelden* v. *Lowell*, 50 Maine, 499; *Kallock* v. *Perry*, 61 Maine, 273.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.